UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00191-GNS-LLK

HUTSON, INC.                                                                                          PLAINTIFF

v.

WALTER C. WINDSOR                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Motion to Amend Counterclaim filed by Defendant Walter C. Windsor ("Windsor") (DN 83). The motion has been fully briefed and is ripe for decision. For the reasons outlined below, the motion is **DENIED**.

### I.     BACKGROUND

This dispute arises out of a series of agreements by which Hutson, Inc. ("Hutson") acquired assets and inventory from Premier Development Company, Inc. ("Premier"), an international agricultural equipment and parts corporation. As part of the agreements, Windsor—who served as president and shareholder of Premier until late 2010—became an employee of Hutson. Windsor moved to amend his counterclaim to add defamation claims related to statements made by Hutson president Barry Carson regarding Windsor's employment performance. (Def.'s Mot. to Am. Countercl., DN 83).

### II.    STANDARD OF REVIEW

"[W]here a party seeks to amend its pleadings after a deadline set by court order, the party is effectively asking the court both to amend the scheduling order and for leave to amend its pleadings, and the party must show good cause in order to procure the court's consent." *Hildebrand v. Dentsply Int'l, Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010) (citing Fed. R. Civ. P.

16(b)(4)). As the Court had previously entered a scheduling order pursuant to Fed. R. Civ. P. 16 dictating the deadlines for amending the pleadings, "that rule's standards control." *Id*. (citing Fed. R. Civ. P. 16(e)). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4)**.**

### III.   JURISDICTION

The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because Hutson and Windsor are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### IV.   DISCUSSION

In seeking leave to amend his Counterclaim, Windsor asserts that Fed. R. Civ. P. 15(a) governs this type of motion and that leave should be freely given to amend. (Def.'s Mot. to Am. Countercl. 1-2). Yet, this rule does not apply once this Court entered its scheduling order. *See also Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[W]hile the absence of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under Rule 15(a), it does not fulfill the 'good cause' requirement of Rule 16(b)." (quoting *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990)).

Windsor has failed to satisfy the initial threshold requirement of proving good cause. As one court has explained: "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (citations omitted) The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id*. (citation omitted). Therefore, in order to demonstrate "good cause" a party must show that despite their diligence, the time table could not have reasonably been met. *Id.*(citations omitted). Despite being alerted to Carson's allegedly defamatory statement in July 2014,

Windsor chose to wait to amend just prior to the Pre-Trial Conference in September 2015. (Pl.'s Resp. to Mot. to Am. Countercl. 2). Windsor has failed to meet his burden under Fed. R. Civ. P. 16 to show good cause why his motion to amend was not filed until over two years after the deadline for amended pleadings had passed. *See Wilson v. Wal-Mart Stores E., LP*, No. 4:11-CV-00148, 2013 WL 2607113, at *4 (W.D. Ky. June 11, 2013) ("The Court finds that Wal-Mart has not sufficiently shown good cause so as to permit the amendment of the Scheduling Order. Wal-Mart has offered no evidence demonstrating its diligence in attempting to meet the case management order's requirements. It only explains why Gossett will not suffer any prejudice without explaining why it was not able to meet the requirements."); *Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007) ("The Plaintiffs seek to append a claim to the Complaint which would require entirely new defenses. The Plaintiffs show no good cause why this claim could not have been voiced earlier.").

Similarly, Windsor's argument under Fed. R. Civ. P. 15(b) is unpersuasive. While the Court may permit the amendment of pleadings if the objecting party has not shown it would be prejudiced by the amendment, this is not the case here. Hutson correctly notes the amendment comes just six weeks before trial, despite an ample window of more than two years prior to the amendment. (Pl.'s Resp 2-5). Accordingly, the Court will deny Windsor's motion.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Walter C. Windsor's Motion to Amend Counterclaim (DN 83) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 29, 2015

cc: counsel of record