UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00191-GNS-LLK

HUTSON, INC.                                                          PLAINTIFF

v.

WALTER C. WINDSOR                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Motion to Strike Defendant's Claim for Damages for Denial of COBRA Benefits filed by Plaintiff Hutson, Inc. ("Hutson") (DN 87). For the reasons outlined below, the motion is **DENIED**.

## I.      BACKGROUND

This dispute arises out of a series of agreements by which Hutson acquired assets and inventory from Premier Development Company, Inc. ("Premier"), an international agricultural equipment and parts corporation. As part of the agreements, Walter C. Windsor ("Windsor")— who served as president and shareholder of Premier until late 2010—became an employee of Hutson.

Hutson filed its Motion to Strike on September 4, 2015, in which it seeks to strike the claim of Windsor for damages under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). (Pl.'s Mot. to Strike Def.'s Claim for Damages for Den. of COBRA Benefits [hereinafter Pl.'s Mot. to Strike], DN 87). Four days after Hutson filed its Motion to Strike, a hearing was held on September 8, 2015. During that hearing, Windsor indicated to the Court he would be seeking only the statutory damages allowed under COBRA.

1

## II.     <u>JURISDICTION</u>

The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because Hutson and Windsor are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.     <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose to the opposing party "a computation of each category of damages claimed by the disclosing party-who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). When a party claims statutory damages, this is a sufficient computation of damages to satisfy Rule 26.

## IV.     <u>DISCUSSION</u>

Hutson seeks to strike Windsor's claim for damages under COBRA by arguing that Windsor has not stated his damages with specificity under Fed. R. Civ. P. 26(a)(1)(A)(iii). (Pl.'s Mot. to Strike 1-5). In September 8, 2015, Pretrial Conference, Windsor stated he sought the statutory maximum under COBRA. A party may claim the statutory maximum under COBRA as a sufficient damages calculation. *See Holford v. Exhibit Design Consultants*, 218 F. Supp. 2d 901, 904-05, 908 (W.D. Mich. 2002) (citing 29 U.S.C. § 1166). Therefore, Hutson's argument is unpersuasive. Hutson claims a need for "a computation" that is "supported by documents." (Pl.'s Mot. to Strike 1-5). When a party claims statutory damages, however, this is a sufficient computation of damages to satisfy Rule 26. *See Malone v. Portfolio Recovery Assoc., LLC*, No. 3:14-CV-00152-CRS, 2015 WL 4720243, at *3 (W.D. Ky. Aug. 6, 2015); *see also Conway v.*

*Portfolio Recovery Assoc., LLC*, No. 13-07-GFVT, 2015 WL 3756410, at *1-2 (E.D. Ky. June 15, 2015).

Since Windsor has indicated during the Pretrial Conference that he is seeking the statutory maximum under 29 U.S.C. § 1166, he has satisfied the requirements under Fed. R. Civ. P. 26. Therefore, further arguments regarding Windsor's failure to provide documents to support his claim during discovery are moot. Thus, Hutson's motion is denied.

**V.**   <u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Hutson Inc.'s Motion to Strike (DN 87) is **DENIED**.

**Greg N. Stivers, Judge**<br>**United States District Court**<br>September 29, 2015

cc:      counsel of record