UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00191-GNS-LLK

HUTSON, INC.                                                                                                    PLAINTIFF

v.

WALTER C. WINDSOR                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the Motion in Limine filed by Plaintiff Hutson Inc. ("Hutson") (DN 70). The motion is fully briefed and is ripe for decision. For the reasons outlined below, the motion is **GRANTED**.

**I.     BACKGROUND**

This dispute arises out of a series of agreements by which Hutson acquired assets and inventory from Premier Development Company, Inc. ("Premier"), an international agricultural equipment and parts corporation. As part of the agreements, Walter C. Windsor ("Windsor"), who served as president and shareholder of Premier until late 2010, became an employee of Hutson.

In its motion, Hutson seeks to exclude all evidence related to a breach of contract by Hutson and all evidence related to an allegation of fraud against Hutson. (Pl.'s Mot. in Lim. 1). Hutson also seeks to exclude all evidence related to an allegedly defamatory statement made by Hutson's president, Barry Carson. Windsor claims that all evidence sought to be excluded is relevant to Windsor's defenses and that Fed. R. Civ. P. 15 requires the Court to allow Windsor

the additional claim of defamation. (Def.'s Mem. in Opp. to Pl.'s Mot. in Lim. [hereinafter Def.'s Resp.] 1-9, DN 83).

## II.   DISCUSSION

### A.   Evidence of Pre-Agreement Statements

Hutson seeks to exclude the introduction of all discussions made prior to the Employment Agreement and Inventory Sales Agreement. (Pl.'s Mot. in Lim. 1). The Court has already ruled the representations made prior to the Employment Agreement between the parties are "appropriately excluded from consideration." (Order, 6, DN 69 (citing *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W. 3d 828, 834 (Ky. 2013)). The Court declines to alter this decision. Furthermore, on similar grounds the Court grants Hutson's motion with regard to statements made prior to execution of the Inventory Sales Agreement. As with the Employment Agreement, no ambiguities in the contract exist which indicate the need for extrinsic evidence. *See O.P. Link Handle Co. v. Wright*, 429 S.W.2d 842, 844 (Ky. 1968). Therefore, the Court will grant the motion.

### B.   Evidence of Allegedly Defamatory Statements by Barry Carson

The Court will also exclude evidence of allegedly defamatory statements made by Barry Carson. As noted in a separate Order, the Court denies Windsor's motion to amend his counterclaim more than two years after the deadline for amended pleadings has passed and a mere six weeks before trial. (Pl.'s Reply Mem. in Supp. of Hutson's Mot. in Lim. [hereinafter Pl.'s Reply] 7-9, DN 88). This ruling is further strengthened by the fact that Windsor was alerted over a year ago to the comments made by Barry Carson and had ample time to amend his counterclaim. (Pl.'s Reply 7-9). Therefore, the Court will grant the motion on this basis.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Hutson Inc.'s Motion in Limine (DN 70) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 29, 2015

cc:   counsel of record